# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:05cv211

| | |
|---|---|
| CHARLIE LEE RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHARLES J. WILLIAMS, ) | |
| Human Resources Director of ) | |
| Cabarrus County Schools, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on reassignment from the Hon. Robert J. Conrad.

On May 6, 2005, the Plaintiff filed, in a *pro se* capacity, this action against the Defendant alleging that he was discriminated against on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, by the submission of documentation to the "State Department of Public Instruction." As a result of that submission, the Plaintiff alleges that his license to teach was ultimately revoked. The Plaintiff does not allege that

1

he filed a complaint with the Equal Employment Opportunity Commission (EEOC) before filing this lawsuit and there is not a right to sue letter attached to the complaint.

A plaintiff must exhaust administrative remedies with the EEOC before filing a suit for discrimination pursuant to Title VII. **Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000).** "The EEOC charge defines the scope of the plaintiff's right to institute a civil suit." **Byant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002).** "Only those discrimination claims stated in the initial [EEOC] charge, those reasonably related to the original complaint and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." **Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).** And, it is appropriate to dismiss claims of discrimination where the plaintiff has failed to exhaust those remedies before the EEOC. **Malhotra v. KCI Technologies, Inc., 2007 WL 2025197 (4th Cir. 2007), citing, Miles v. Dell, Inc., 429 F.3d 480, 491-92 (4th Cir. 2005); Rorie v. Guilford County Schools, 2007 WL 1385655 (M.D.N.C. 2007) ("These jurisdictional prerequisites include: (1) filing a Charge of Discrimination with the EEOC within 180 days of the**

**occurrence of the alleged discrimination; (2) receiving a statutory Notice of Right to Sue; and (3) filing a lawsuit based on the Charge of Discrimination within 90 days of receiving the notice.").**

The existence of subject matter jurisdiction must be considered by a court before the merits of an action. ***Steel Co. v. Citizens for a Better Env't.,* 523 U.S. 83, 93-94 (1998).** The issue of subject matter jurisdiction may be considered *sua sponte* by the Court. ***Interstate Petroleum Corp. v. Morgan,* 249 F.3d 215 (4th Cir. 2001); *Plyler v. Moore,* 129 F.3d 728, 731 n.6 (4th Cir. 1997).** In the Fourth Circuit, "receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." ***Davis v. N.C. Dept. of Corr.,* 48 F.3d 134, 140 (4th Cir. 1995).** Where the complaint does not allege that the plaintiff has complied with these jurisdictional prerequisites, the plaintiff has not invoked the Court's jurisdiction under Title VII. *Id.* The undersigned finds that this complaint must be dismissed for lack of subject matter jurisdiction.

Moreover, the Plaintiff has been prolific filer in this, and other courts, concerning issues identical to and related to the claim alleged in this action. In 1994, the Plaintiff sued the Cabarrus County Board of Education

alleging racial discrimination because he received an unfavorable job evaluation and was not promoted. *Richardson v. Cabarrus County Board of Education*, 3:94cv416. In August 1997, the federal court found that the Plaintiff had intimidated a witness in that action and, pursuant to its inherent authority, dismissed the case. The court also barred the Plaintiff from bringing another suit based on the EEOC right to sue notice which had issued in that case.[1] The United States Fourth Circuit Court of Appeals affirmed the court in all respects and noted that the Plaintiff was an abusive litigant. **Richardson v. Cabarrus County Bd. of Education, 151 F.3d 1030 (table) (4th Cir. 1998).**

Undeterred, the Plaintiff filed another suit in 2003 against Harry Wilson, the staff attorney for the State Board of Education, alleging a violation of 42 U.S.C. §1983. *Richardson v. Wilson*, 3:03cv491. In that action, the Plaintiff alleged that Wilson violated his due process rights because Wilson did not submit two exceptions to a recommended decision and two motions related to procedural issues in the administrative proceeding brought to investigate and revoke the Plaintiff's license to

---

[1] That charge was related to the alleged failure to promote at a time prior to the alleged occurrences in this action.

teach. Those administrative proceedings were brought as a result of the finding in the above referenced case that the Plaintiff had intimidated a witness. On December 1, 2005, the court granted summary judgment to Wilson. **Richardson v. Wilson, 404 F.Supp.2d 887 (W.D.N.C. 2005).** The Plaintiff did not appeal.

In March 2004, the Plaintiff sued Charles Williams in the Superior Court of Mecklenburg County, North Carolina. *Richardson v. Winkler, et. al.*, 04cv54872. In that complaint, the Plaintiff raised the same issues related to the revocation of his license to teach. Judgment on the pleadings was granted in favor of the defendants in that action on July 14, 2004.

On May 5, 2005, the Plaintiff filed this action against Charles Williams. On June 9, 2005, he attempted to initiate yet another action, this time against the State Board of Education. *Richardson v. State Department of Public Instruction and the State Board of Education*, 3:05cv270. When he failed to pay the filing fee, the case was terminated. In that action, the Plaintiff alleged virtually identical facts to those stated in this action and he also failed to allege that he had exhausted his administrative remedies.

The undersigned will dismiss this action for lack of subject matter jurisdiction. However, it is worth noting that *res judicata* bars further litigation of the issues involved in this case.

> Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication. The doctrine of *res judicata* encompasses two concepts: (1) claim preclusion and (2) issue preclusion, or collateral estoppel. The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation "not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." ... [C]laim preclusion requires only a valid and final judgment.

**Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002), citing In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996).** Such is the case here.

Because of the volume of filings made by the Plaintiff in this action, the Court finds it appropriate to warn him that any future frivolous filing may subject him to sanctions.

Federal Rule of Civil Procedure 11 provides in pertinent part:

> By presenting to the court ... a pleading, ... an ... unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances-
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims ... are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law ...;
(3) the allegations and other factual contentions have evidentiary support or, ... are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ... .

**Fed.R.Civ.P. 11(b).**

The Plaintiff is hereby placed on notice that pursuant to Federal Rule of Civil Procedure 11 and this Court's inherent powers, the Court will contemplate the imposition of sanctions for any future frivolous filing. Those sanctions may include directives of a nonmonetary nature, such an injunction against future filing; an order to pay a penalty into court; and/or an order directing payment to the defendant of reasonable attorneys' fees incurred.

**IT IS, THEREFORE, ORDERED** that this action is hereby **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions are hereby **DENIED** as moot.

Signed: October 5, 2007

Martin Reidinger
United States District Judge