# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:05cv211

| | |
|---|---|
| CHARLIE LEE RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHARLES J. WILLIAMS, ) | |
| Human Resources Director of ) | |
| Cabarrus County Schools, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Objection to Court Order dated October 5, 2007[,] Plaintiff's Motions Requesting Explaination (*sic*)[,] [and] Motion to Produce Document and Recuse Defendant's Counsel," filed November 5, 2007.

The Plaintiff's action was dismissed by the undersigned on October 5, 2007 for lack of jurisdiction and principles of *res judicata*. In dismissing the action, the undersigned also denied all pending motions. In addition, the Plaintiff, who has been a prolific filer, was warned against future frivolous filings.

Undeterred, the Plaintiff now complains as follows: (1) he did not consent to the reassignment of his case to the undersigned; (2) the Court did not address the claims of his complaint; (3) the Court misstated the case title of another action he filed in state court; (4) in that state court action, the state court judge never entered an order; (5) the Defendant should be required to produce that order; (6) the Defendant's counsel should be required to recuse himself in this action; (7) Judge Conrad failed to rule on his motion for leave to proceed *in forma pauperis* in Richardson v. State Dept. of Public Instruction, Case No. 3:05cv270;[1] (8) he still has a viable case in Richardson v. Wilson, Staff Attorney of Dept. of Public Instruction, Case no. 3:03cv491;[2] (9) the Court should explain the law to him; and (10) the Court is confused.

The undersigned finds the Plaintiff's filing to be frivolous. The Court specifically notes that the filing does not qualify as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Moreover, even if it were so construed, it would be untimely. Fed.R.Civ.P. 59(e) ("Any motion to alter or amend a judgment shall be file no later than

---

[1] That case was terminated when the Plaintiff failed to pay his filing fee.

[2] That case was dismissed in November 2005.

10 days after entry of the judgment.").

Likewise, the Court specifically finds that the motion does not qualify as a motion for relief from an order pursuant to Federal Rule of Civil Procedure 60(b).[3]  The language of the motion is nonsensical and unintelligible.

The Plaintiff is once again placed on notice that continued frivolous filings may result in the imposition of sanctions, including a prefiling injunction.  "A federal court may issue a prefiling injunction when a litigant's vexatious conduct hinders the court from fulfilling its constitutional duty."  In re Head, 174 Fed.Appx. 167 (4th Cir. 2006), citing Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion is hereby **DENIED**.

Signed: November 9, 2007

Martin Reidinger
United States District Judge

---

[3]A motion pursuant to Rule 60(b) does not toll the time within which an appeal must be taken or affect the finality of the order in any manner unless it is made no later than ten days after entry of the order.  Browder v. Director, Dept. of Corrections of Illinois, 434 U.S. 257 (1978); Fed.R.App.P. 4(a)(4)(A)(vi); United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003), *cert. denied sub nom*, Winestock . United States, 540 U.S. 995 (2003).